No. 27,100.

ALICE C. SWAN, *Appellant,* v. C. W. SMITH et al., *Appellees.*

(259 Pac. 801.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Action and Cross Action for Breach of Agreement— Measure of Damages.* In an action by the lessor of farm land against the lessees for damages for lessees' failure to farm some of the land, in which there was a cross petition for damages for breach of the lease by the lessor, trial errors complained of by appellant are examined and held to be without substantial merit.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 8, 1927. Affirmed.

*Walter S. Keith* and *Harold C. McGugin,* both of Coffeyville, for the appellant.

*Charles D. Welch,* of Coffeyville, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff was the owner of a 280-acre farm, part of which lay north of an east-and-west road and the remainder of it south. On August 15, 1923, she leased this farm to defendants for a term of seventeen months beginning October 1, 1923, and ending March 1, 1925, reserving for her own use a small house-and-garden patch on the east end of the farm. The tenants were to farm the cultivated portion of the land to crops and deliver to plaintiff a stated

Appeal and Error, 3 C. J. p. 978 n. 37. Landlord and Tenant, 36 C. J. p. 97 n. 64, 67, 69 new. Trial, 38 Cyc. pp. 1693 n. 55, 1694 n. 58.

share of them as rent, and it was agreed that if defendants desired to pasture some of the land, rent was to be paid in cash on an estimate of crops on adjoining land. Plaintiff alleged that defendants refused to cultivate 80 acres of the land, that crops on adjoining land made seven bushels of wheat per acre, and that plaintiff's share so computed for this 80 acres would be $280. It was further alleged that defendants used the house on the farm reserved by plaintiff for more than three months, and that the rental value of such use was $21. Plaintiff acknowledged herself indebted to defendants $40 for milk, and prayed judgment for $261. Defendants answered acknowledging the execution of the lease and alleged that plaintiff breached the agreement in that she did not place defendants in possession of the premises until October 29, 1923, by reason of which they were unable to put the field in question in wheat that year, and were damaged in the sum of $240, and alleged that the milk bill owed by plaintiff was $51. Defendants denied any liability to plaintiff and prayed judgment for $291.

There was a trial to the jury, which returned a general verdict for defendants for $174.04 and answered special questions; that defendants used the 80 acres in question for pasture of milk cows; that they were not pastured on this land the greater part of the years of 1923 and 1924; that the yield of wheat on the land adjoining the 80 acres in question was five bushels per acre; that wheat was reasonably worth 85 cents per bushel at the harvest season of 1924; that defendants turned their cows on this 80 acres immediately after they moved on the farm and repaired the fence around the tract of land; that defendants did not rent the small house on the farm reserved by plaintiff. Judgment was entered for defendants in accordance with the verdict and findings. Plaintiff's motion for a new trial was overruled, and she has appealed.

Appellant contends that the court erred in failing to instruct the jury that in order for defendants to have a legal counterclaim, defendants must prove by a preponderance of the evidence that the failure of plaintiff to place them in possession of the house or of the land was the proximate cause of defendants' failure to cultivate the land. The instruction of the court fairly and clearly placed on defendants the burden of proof of the matters upon which they relied.

Complaint is made that the court did not permit plaintiff to show a parol agreement between her and defendants that defendants might use plaintiff's plows. We think the court rightly excluded

this for the reason that it was not the lack of plows which kept defendants from going into possession of the premises north of the road —it was the prior tenant there, who refused to permit defendants to go into possession until he was ousted by an action brought by plaintiff in the city court of Coffeyville. Defendants' evidence was to the effect that they had plows and teams to operate them. More than that, the excluded evidence was not offered on the motion for a new trial, as required by statute (R. S. 60-3004), and the point is not available on this appeal.

Plaintiff complains that the jury did not estimate the damages according to law and the evidence. The contention is that the correct rule for measuring damages was not applied; that defendants should have shown what loss, if any, they sustained by reason of not being able to put in a crop, rather than to show the value of the use of teams and a hired man kept idle while trying to get possession, and rent which they paid elsewhere for that time. Plaintiff requested no instruction on the method of measuring the damages, if any were found. The court told the jury:

"Should you find that from a preponderance of the evidence, the defendant was prevented from tilling and sowing the eighty acres of land, or any part thereof, to a crop, by reason of the fact that he did not secure possession in time so to do, and that by not securing said possession he was damaged as alleged by him, then you should allow him such sum as in your judgment he is fairly entitled to under the evidence and all the circumstances."

This covered the question in the absence of a request for a more specific instruction.

It is contended the jury erred in estimating damages according to the answers to the special questions. It is difficult to tell what methods the jury used in computing the amount of damages. Counsel on both sides make computations in their briefs which may or may not have been those used by the jury. Whether plaintiff was entitled to recover anything because the field in question was not put to wheat depended on whether she breached the contract by withholding possession to defendants until the latter part of October, when it was too late to prepare the ground and sow the crop of wheat. It was in effect conceded that defendants were entitled to the amount of the milk bill, which by the time of the trial was $61.37. Defendants had to pay $25 for a place to stay the month of October. There was other evidence to show that defendants were damaged by having teams, equipment and a hired man idle during

October.  There was also evidence that they were prevented from putting a wheat crop on this land, as they had planned.  So there is ample evidence either way it was computed to sustain the damages found by the jury.  The other questions argued do not require special discussion.

The judgment of the court below is affirmed.